UNITED STATES DISTRICT COURT

**FILED**

NOV - 4 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Theodore Hunter,                    )
                                    )
            Petitioner,             )
                                    )
    v.                              )     Civil Action No.    10 1895
                                    )
Simon Wainwright,                   )
                                    )
            Respondent.             )

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on its initial review of petitioner's application for a writ of *habeas corpus* accompanied by an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, deny the petition and dismiss the case.

The extraordinary remedy of *habeas corpus* is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner, a District of Columbia prisoner at the District of Columbia Jail, challenges the local statute governing supervised release, D.C. Code § 24-403.01, on the ground that its execution violates the separation of powers doctrine. He also asserts that the statute does not apply to him as a "Sovereign Moorish American National." Pet. Attach., Aff't of Supporting Factors at 2. Petitioner seeks monetary damages, "recall[]" of the statute and his immediate release.

On March 23, 2010, petitioner was sentenced to one year of incarceration and three years of supervised release. *See* Pet. at 2. It is unclear whether petitioner has legal standing to pursue his challenge at this time but the Court will assume that he does. As the paroling authority for



3

District of Columbia prisoners, the United States Parole Commission is authorized by § 24-403.01(6) to grant, deny or revoke a District of Columbia offender's parole supervision and to impose or modify his parole conditions. *See* § D.C. Code § 24-131(a); *Thompson v. District of Columbia Dep't of Corrections*, 511 F. Supp.2d 111, 114 (D.D.C. 2007). Because the foregoing statutes govern the execution of a judicially imposed sentence, "[t]he Parole Commission does not exercise a judicial function and its decisions do not violate the separation of powers." *Montgomery v. U.S. Parole Comm'n*, Civ. Action No. 06-2133 (CKK), 2007 WL 1232190, at *2 (D.D.C. Apr. 26, 2007) (citing cases); accord *Leach v. U.S. Parole Comm'n*, 522 F. Supp.2d 250, 251 (D.D.C. 2007); *Hammett v. U.S. Parole Comm'n*, Civ. Action No. 10-0442 (JDB), 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time."). Accordingly, the petition for a writ of *habeas corpus* is denied. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: November 3, 2010